FILED
2026 FEB 25 AM 9:28
CLERK
U.S. DISTRICT COURT

Daniel Thomas Romero
912 N. Dorothea Way
Salt Lake City UT 84116
385-394-4588
Joziahromeo@gmail.com

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| Daniel Thomas Romero<br><br>Plaintiff,<br><br>v.<br><br>Salt Lake Community College.<br>Dave West, in his individual and<br>Official Capacities.<br>Justine Dvorchak-Rodriguez, in her<br>individual and official Capacities.<br>Rhett Bigelow, in his individual and<br>Official Capacities.<br>john and jane does 1-10,<br>Defendant. | **COMPLAINT**<br><br>Case No.<br><br>Case: 2:26−cv−00157<br>Assigned To : Romero, Cecilia M.<br>Assign. Date : 2/25/2026<br>Description: Romero v. Salt Lake<br>Community College et al |

COMPLAINT

2. (Americans with Disabilities Act (Title II), Section 504 of the Rehabilitation Act,

3. 42 U.S.C. § 1983, and Supplemental State-Law Claims)

4. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under:

6. Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq.;

7. Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and

8. 42 U.S.C. § 1983.

9. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C.

§ 1367.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because all events giving rise to these claims occurred in Salt Lake County, Utah.

11. PARTIES

12. Plaintiff Daniel Thomas Romero is a resident of Salt Lake City, Utah, and a former student enrolled in the Line worker Program at Salt Lake Community College.

13. Defendant Salt Lake Community College ("SLCC") is a public institution of higher education and a governmental entity subject to Title II of the ADA and Section 504.

14. Defendant Dave West was an instructor in the Line Worker Program at SLCC and acted under color of state law at all relevant times.

15. Defendant Justine Dvorchak-Rodriguez was a program supervisor/manager with authority over the Line Worker Program and student participation.

16. Defendant Rhett Bigelow was a program manager with supervisory authority relevant to Plaintiff's enrollment and continuation in the program.

17. Defendants John and Jane Does 1–10 are SLCC employees or agents whose identities are presently unknown and who participated in, approved, or failed to prevent the conduct alleged herein.

18. III. FACTUAL ALLEGATIONS

19. Plaintiff's Disability and Institutional Knowledge

20. Plaintiff has documented disabilities, including post-traumatic stress disorder, obsessive-compulsive disorder with intrusive thoughts, major depressive disorder, anxiety disorder,

attention-deficit disorder, and cognitive impairments associated with traumatic brain injury.

21. Plaintiff was an active participant in Utah Vocational Rehabilitation, which provided funding and support his enrollment in SLCC's Line Worker Program.

22. Defendants Dvorchak-Rodriguez and Bigelow, acting in supervisory and managerial roles, coordinated with Plaintiff and his Vocational Rehabilitation counselor and had actual knowledge of Plaintiff's disability status and need for accommodation.

23. By virtue of this coordination and funding, SLCC had institutional knowledge of Plaintiff's disability well before the events described below.

24. Disability-Related Medical Needs

25. Plaintiff was prescribed Clomipramine and other psychiatric medications to treat his conditions.

26. These medications are known to cause gastrointestinal distress and sudden urgency, a fact Plaintiff later explained to program management.

27. March 26, 2025, Incident

28. On or about March 26, 2025, Plaintiff arrived at the Line Worker class on time but experienced an urgent medical need to use the restroom due to medication side effects.

29. Upon returning to the classroom, Defendant Dave West publicly addressed Plaintiff in front of classmates and stated words to the effect of:

30. "You should have sat down in class and shit your pants."

31. This statement subjected Plaintiff to humiliation, ridicule, and emotional distress directly related to a disability-caused medical need.

32. Post-Incident Notice and Failure to Remedy

33. Following the incident, Plaintiff informed program management, including Defendants

Dvorchak-Rodriguez and Bigelow, of his disabilities, his medications, and the medical necessity underlying the restroom incident.

34. Despite this notice, Defendants failed to:

35. Engage in the ADA interactive process.

36. Provide reasonable accommodation.

37. Investigate or remediate the instructor's conduct; or

38. Protect Plaintiff from continued hostility.

39. Instead, Plaintiff experienced ongoing hostility and adverse treatment within the program.

40. As a result of the cumulative discriminatory environment and lack of institutional response, Plaintiff was constructively forced to withdraw from the Line worker Program.

41. Harm

42. Plaintiff lost access to a high-earning vocational career path and suffered severe emotional and psychological harm, including exacerbation of pre-existing psychiatric conditions.

43. Plaintiff complied with the Utah Governmental Immunity Act by serving a Notice of Claim on the Utah Attorney General and SLCC and waiting for the required statutory period.

44. CLAIMS FOR RELIEF

45. COUNT I — ADA TITLE II (Against SLCC)

46. Plaintiff is a qualified individual with a disability.

47. SLCC denied Plaintiff the benefits of its educational program and subjected him to discrimination by reason of disability.

48. SLCC failed to reasonably accommodate Plaintiff and allowed a hostile educational environment to persist.

49. COUNT II — SECTION 504 OF THE REHABILITATION ACT (Against SLCC)

50. SLCC receives federal financial assistance.

51. SLCC discriminated against Plaintiff solely by reason of disability in violation of Section 504.

52. COUNT III — 42 U.S.C. § 1983 (Against Individual Defendants)

53. Defendants West, Dvorchak-Rodriguez, and Bigelow, acting under color of state law, deprived

Plaintiff of rights secured by the Constitution, including equal protection and substantive due

process.

54. Defendants acted with deliberate indifference to Plaintiff's known disabilities.

55. COUNT IV — SUPPLEMENTAL STATE-LAW CLAIMS (Against All Defendants)

56. Intentional infliction of emotional distress.

57. Negligent infliction of emotional distress.

58. Negligence and negligent supervision.

59. Harassment and constructive exclusion from an educational program.

60. DAMAGES

61. Plaintiff has suffered substantial injuries and losses as a direct and proximate result of

Defendants' unlawful conduct, including but not limited to:

62. Severe emotional distress and psychological injury.

63. Exacerbation of pre-existing psychiatric disabilities.

64. Loss of access to educational and vocational opportunities.

65. Loss of future earning capacity.

66. Medical and mental-health treatment expenses; and

67. Dignitary and civil-rights harms.

68. Plaintiff seeks compensatory damages in an amount to be determined by the trier of fact, but

no less than $10,000,000, together with all other relief permitted by law.

69. JURY DEMAND

70. Plaintiff demands a trial by jury on all issues so triable.

71. PRAYER FOR RELIEF

72. Plaintiff respectfully requests that the Court:

a. Enter judgment in Plaintiff's favor on all claims.

b. Award compensatory damages in an amount to be determined at trial, but in excess of $10,000,000.

c. Grant declaratory and injunctive relief as appropriate.

d. Award costs and fees as allowed by law; and

e. Grant such other and further relief as the Court deems just and proper.


Signed /s/ Daniel Thomas Romero

Date Signed _24_ day of February 2026.

Daniel Thomas Romero

385-394-4588

Joziahromeo@gmail.com

912 N Dorothea Way

Salt Lake City, UT 84116

Plaintiff, Pro Se